**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5006**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARIUS DANTONI TANZYMORE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:04-cr-00022-JFM)

Submitted: February 14, 2007      Decided: March 2, 2007

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Barbara S. Sale, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After we remanded this case to the district court for further proceedings, Darius Dantoni Tanzymore was convicted after a bench trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Tanzymore contends the district court erred by rejecting his justification defense. We affirm.

We review the district court's denial of the justification defense de novo. United States v. Perrin, 45 F.3d 869, 871 (4th Cir. 1995). In Perrin, we detailed the following four part test to be used in order to determine whether a defendant is entitled to a justification defense for being a felon in possession of a firearm:

> The defendant must produce evidence which would allow the factfinder to conclude that he (1) was under unlawful and present threat of death or serious bodily injury; (2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) a direct causal relationship between the criminal action and the avoidance of the threatened harm.

Perrin, 45 F.3d at 873-74 (citing United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989)). The focus is not on whether the defendant held a sincere belief that he was under a present threat of death or serious bodily injury. The justification defense is used in very narrow circumstances and generalized fears are

insufficient to support the defense.  There must be a showing of imminent danger.  <u>Perrin</u>, 45 F.3d at 874.

We find Tanzymore failed to establish the threat to his life and safety was imminent.  As a result, we find the district court did not err in rejecting the defense.

Accordingly, we affirm the conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>